IN THE CIRCUIT COURT OF THE 20th
JUDICIAL CIRCUIT, IN AND FOR
CHARLOTTE COUNTY, FLORIDA

CIVIL DIVISION

BUCCANEER GROUP, a Florida General
Partnership d/b/a BUCCANEER
RESORT INN.

    Plaintiff,

vs.

MARYLAND CASUALTY COMPANY

    Defendant.
_____/

CASE NO:   0 9 - 4 6 4 - CA

2:___-C___-_____-FtM-29DNF

## COMPLAINT

Plaintiff, BUCCANEER GROUP, a Florida General Partnership d/b/a BUCCANEER RESORT, INN, ("Buccaneer") by and through undersigned counsel, files this action against Defendant, MARYLAND CASUALTY COMPANY ("Maryland") and states as follows:

1. This is an action to compel appraisal, or in the alternative, for damages, involving an amount in controversy in excess of $15,000.00.

2. Plaintiff owns a commercial property located at: 4130 Tamiami Trail, Port Charlotte, Florida 33931.

3. Defendant is an insurance company which issued a commercial property insurance policy to Plaintiff, policy number PAS42610692, with effective dates of September 30, 2003 to September 30, 2004. A complete copy of the insurance policy is attached hereto as Exhibit A.

4. The policy provided coverage for the peril of windstorm damage to the insured premises, and included coverage for loss of business income and extra expense from a covered loss.

5. On August 13, 2004, Hurricane Charley caused substantial damage to the insured building and resulting business interruption, loss of earnings and extra expense.

6. The damage to Plaintiff's building and resulting losses of business interruption, business income and extra expenses are covered under the insurance policy.

7. Plaintiff notified Defendant of their claim, but Defendant wrongfully failed to pay in full all benefits due under the policy.

8. All conditions precedent to this action have been performed, excused, or waived.

## COUNT I – PETITION TO COMPEL APPRAISAL

Plaintiff realleges Paragraphs 1 through 8 above.

9. Plaintiff and Defendant have failed to agree on the amount of the loss, and Defendant has failed to pay all benefits due under the policy.

10. The policy contains an alternative dispute resolution clause providing that a disagreement as to the amount of loss should be resolved through the appraisal process.

> B. **Appraisal** – If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each part will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail

> to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
> 1. Pay its chosen appraiser; and
> 2. Bear the other expenses of the appraisal and umpire equally.

11. On December 16, 2008 Plaintiff invoked the appraisal clause and demanded that Defendant participate in the appraisal process for resolution of the dispute as to the amount of the loss, but Defendant has refused to participate in appraisal as required by the insurance policy.

12. As a result of Defendant's failure to pay all benefits due under the policy and failure to participate in appraisal, Plaintiff has been forced to retain undersigned counsel to enforce its rights under the contract; Plaintiff is entitled to an award of attorney's fees pursuant to Fla.Stat.§627.428.

WHEREFORE, Plaintiff, BUCCANEER GROUP, a Florida General Partnership d/b/a BUCCANEER RESORT, INN respectfully requests that the Court enter an Order requiring Defendant MARYLAND CASUALTY COMPANY, to participate in the appraisal process as to all applicable coverages, and directing Defendant to appoint an appraiser; that the Court retain jurisdiction to appoint an umpire, to confirm an appraisal award and to enter any other Orders regarding the appraisal process; that the Court award Plaintiff interest, costs and attorney's fees; and that the Court grant any other relief deemed just and proper.

## COUNT II – BREACH OF CONTRACT

Plaintiff realleges Paragraphs 1 through 8 above.

13. This Count is plead in the alternative, in the event the Court denies Plaintiff the relief requested in Count I; Plaintiff reserves and does not waive its rights to compel appraisal.

14. Defendant has breached its contractual duties to Plaintiff by failing to pay all amounts due under the policy.

15. As a direct and proximate result of Defendant's breach of its contractual duties, Plaintiff has been damaged in an amount in excess of $15,000.00, representing the reasonable cost to repair the building to current code, business interruption, loss of earnings and extra expense loss.

16. As a result of Defendant's breach of contract, Plaintiff has been forced to retain undersigned counsel to enforce its rights under the contract; Plaintiff is entitled to an award of attorney's fees pursuant to Fla.Stat.§627.428.

WHEREFORE Plaintiff BUCCANEER GROUP, a Florida General Partnership d/b/a BUCCANEER RESORT, INN demands judgment against Defendant, MARYLAND CASUALTY COMPANY, for damages, interest, costs, attorney's fees and any other relief deemed appropriate, and Plaintiff further demands trial by jury.

Dated: 7/30/09

Evan Wolfe, P.A.
Co-counsel for Plaintiff
4000 Hollywood Blvd., Suite 265S
Hollywood, Florida 33021
Telephone: (954) 894-8000
Fax: (954) 894-8015

and

Zorian Sperkacz, Esquire
Florida Bar No: 445029
CHILDRESS DUFFY GOLDBLATT, LTD.
12000 Biscayne Boulevard, Suite 415
Miami, Florida 33811
Telephone: (305) 895-9050
Facsimile: (305) 895-9589
By: _____
Zorian Sperkacz, Esquire